IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Kevin Cornwell,<br><br>                    Plaintiff,<br><br>v.<br><br>Foshan Shunde Purete Machinery Co., Ltd., Purete Machinery Co., Ltd., New Chain Logistics Co., Ltd., and Skyline Sourcing, LLC,<br><br>                    Defendants. | Case No. 0:24-cv-06085-SAL<br><br><br>**ORDER** |

   This matter is before the court on Plaintiff Kevin Cornwell's ("Plaintiff") Motion to Remand, Motion to Stay Defendants' Rule 12(b)(2) Motions to Dismiss, and Motion for Jurisdictional Discovery. [ECF No. 18.] Plaintiff seeks an order remanding this action to the Lancaster County Court of Common Pleas. *Id.* Alternatively, Plaintiff requests a stay of the Motions to Dismiss filed by Defendant New Chain Logistics Co., Ltd. ("New Chain") [ECF No. 5] and Defendants Foshan Shunde Purete Machinery Co., Ltd. and Purete Machinery Co., Ltd. ("Purete Defendants") [ECF No. 6] (collectively, "Defendants") to allow for jurisdictional discovery. *Id.* The court grants Plaintiff's Motion to Remand for the reasons that follow.

**BACKGROUND**

   Plaintiff is a citizen and resident of Chester County, South Carolina. [ECF No. 1-1 at 3.] The Purete Defendants are Chinese companies with their principal places of business in Foshan City, China. *See* ECF No. 18-2 at 17. They manufacture and sell machines, including the "Purete Double Roller Coater," used to paint cabinets and other furniture for residential and commercial use. *Id.* New Chain, also a Chinese company, is a self-described "forwarder," "meaning it receives

1

bookings from other entities and contracts for the transport of goods across oceans on other parties' vessels." [ECF No. 18-2 at 3.] New Chain has its principal place of business in Shenzhen, China. *Id.*

Plaintiff claims that, as an employee of Ardonus Cabinetry, LLC in Lancaster, South Carolina, his duties involved cleaning a Purete Double Roller Coater. [ECF No. 1-1 ¶ 14.] While cleaning the machine on February 10, 2022, Plaintiff's right hand became trapped between the rollers, causing severe and permanent injury. *Id.* ¶ 15.

On May 28, 2024, Plaintiff sued Defendants in state court, asserting claims for negligence, strict liability, and breach of warranty. [ECF No. 1-1.] The Complaint alleges:

> As a result of the described acts and omissions of the Defendants, Plaintiff has endured and continues to suffer from disfigurement, severe pain, suffering, emotional distress, loss of enjoyment of life, and mental anguish. In addition, Plaintiff has incurred expenses such as medical bills, lost wages, and other costs associated with his injuries.

*Id.* ¶ 26. Plaintiff seeks actual and punitive damages, as well as costs of the action and any other relief permitted by law. *Id.* ¶ 7. The Complaint otherwise leaves the amount of damages unspecified.

Defendants were served with the Summons and Complaint through the South Carolina Secretary of State on June 4, 2024. [ECF No. 1-1 at 14, 18, 22.] On August 12 and August 20, 2024, respectively, New Chain and the Purete Defendants moved to dismiss for lack of personal jurisdiction. [ECF No. 18-2.]

On October 24, 2024, New Chain, with the consent of the Purete Defendants, removed the case to federal court under 28 U.S.C. §§ 1332 and 1441. [ECF No. 1.] In its Notice of Removal, New Chain states that it received discovery documents from Plaintiff's worker's compensation claim on October 14, 2024, revealing medical expenses of at least $239,540.45. *Id.* ¶ 8. New Chain

asserts it "had no indication of the amount in controversy before receiving these documents." *Id.* ¶ 9.

On November 22, 2024, Plaintiff moved to remand, arguing that removal was untimely because the basis for the court's diversity jurisdiction was apparent from the face of the Complaint, and Defendants failed to remove within 30 days of accepting service. [ECF No. 18.]

## LEGAL STANDARD

A defendant seeking removal bears the burden of establishing that the case falls within the court's original jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296–97 (4th Cir. 2008). Federal courts have original jurisdiction when the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens of or subjects of a foreign state." 28 U.S.C. § 1332(a)(2).

"Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Legg v. Peterbilt of Atlanta, LLC*, 730 F. Supp. 3d 215, 218 (D.S.C. 2024) (quoting *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). "If federal jurisdiction is doubtful, a remand [to state court] is necessary." *Mulcahey*, 29 F.3d at 151; *see also Hagood v. Electrolux Home Prods., Inc.*, No. 8:06-cv-1799-HFF, 2006 WL 1663804, at *1 (D.S.C. June 15, 2006) ("Remand is necessary where *any doubt exists* for removal.") (quotations omitted) (emphasis added).

## DISCUSSION

**I.    Timeliness of Removal**

Generally, a defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim or relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Defendants

3

accepted service on June 4 and removed the case on October 24. Therefore, if § 1446(b)(1) applies, Defendants' removal was untimely.

That said, "*if the case stated by the initial pleading is not removable*," a defendant may remove within 30 days of receiving some "*other paper* from which it may first be ascertained that the case is . . . or has become removable." § 1446(b)(3) (emphasis added). Defendants argue that this section, and not § 1446(b)(1), controls. As they see it, because the Complaint did not specify a damages amount, they were unaware whether the amount in controversy exceeded $75,000. Accordingly, they claim their removal clock started on October 14, when they first received discovery documents revealing Plaintiff's medical expenses.

Thus, the key question is whether the case stated in the Complaint was removable despite Plaintiff's omission of a specific damages amount. If so, removal was untimely under § 1446(b)(1); if not, removal was timely under § 1446(b)(3).

*Lovern v. Gen. Motors Corp.* is the seminal Fourth Circuit case on this issue. 121 F.3d 160 (1997). There, the court held:

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

*Id.* at 162. The court explained that this approach was consistent with other circuits' standards. *Id.* (citing *Foster v. Mut. Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 53–54 (3d Cir. 1993); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)).

Defendants rely on *Gillen v. Wal-Mart Stores, Inc.*, No. 3:06-358-MJP, 2006 WL 8444319 (D.S.C. May 1, 2006) to assert that *Lovern* adopted the rule from *Chapman*. The facts in *Chapman*

4

were much like those here: the plaintiff alleged a serious hand injury from the use of industrial equipment, and the complaint was silent on the amount of damages. 969 F.2d at 160–61. *Chapman's* bright line rule requires a plaintiff to expressly allege in his complaint damages exceeding $75,000 if he wishes the removal clock to start upon service.[1] *Id.* at 163.

But *Gillen* is not binding on this court. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). And *Lovern is* binding. Furthermore, the court is not convinced that the *Lovern* court adopted *Chapman*'s bright line rule—it merely stated its approach was "consistent" with the Fifth Circuit's.[2] *See Lovern*, 121 F.3d at 162. Other cases applying *Lovern* confirm that a complaint's failure to specify damages does not automatically render it non-removable. *See, e.g.*, *Lighthouse Prop. Ins. Corp. v. Rogers*, No. 9:17-1553-RMG, 2017 WL 3634593, at *1 (D.S.C. Aug. 22, 2017) ("If the amount claimed in the complaint is indeterminate . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."); *Cook v. S.C. Pub. Serv. Auth.*, No. 6:19-cv-03285-TLW, 2020 WL 869741, at *3 (D.S.C. Jan. 21, 2020) (thirty-day removal period is triggered if grounds for removal are "apparent" from plaintiff's filing); *Davenport v. State Farm Fire & Cas. Co.*, No. 6:24-cv-04330-JDA, 2024 WL 4453651, at *3 (D.S.C. Sept. 9, 2024) (analyzing whether amount-in-controversy

---

[1] The court in *Gillen* embraced this rule, concluding that due to "[t]he absence of a specific damages amount" in the complaint, the complaint did not "expressly reveal" whether the jurisdictional amount threshold was met "and the thirty-day time period for removal did not begin to run when [the defendant] received that initial pleading." 2006 WL 8444319, at *6.

[2] Moreover, the "bright line rule" expressed in *Chapman* provides that "if [a plaintiff] wishes the thirty-day time period to run" from service of the initial pleading, the plaintiff is required "to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdiction amount." 969 F.2d at 163. If a plaintiff does make such an allegation, the clock would no doubt start running from the time of service—but that does not necessarily mean that the clock will never start to run *unless* the plaintiff makes such allegation.

requirement was satisfied where complaint "[did] not specify the amount of damages sought"); *Hermanson v. Bi-Lo, LLC*, 3:20-cv-03956-JMC, 2021 WL 4147113 (D.S.C. Aug. 31, 2021) (same).

Thus, *Lovern* does not require a plaintiff to expressly state that the amount in controversy exceeds $75,000 for the case to be removable. Rather, if removability is "apparent within the four corners" of a complaint, a defendant must remove within 30 days of service.[3] 121 F.3d at 162. Consistent with the foregoing, the court's task is to determine whether the fact that the amount in controversy exceeds $75,000 is apparent within the four corners of Plaintiff's Complaint.

## II.    Calculating Damages in the Absence of a Specified Sum

"Courts include claims for punitive and consequential damages as well as attorney fees and costs in assessing whether the amount in controversy is satisfied to establish diversity jurisdiction." *Hermanson*, 2021 WL 4147113, at *2 (citing *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011)). "[T]he existence of a claim for punitive damages" will not "establish to a 'legal certainty' or 'reasonable probability' that the amount in controversy exceeds $75,000.00." *Murray v. Progressive N. Ins.*, No. 2:21-cv-03148-DCN, 2022 WL 42813, at *2 (D.S.C. Jan. 5, 2022); *see also Hamilton v. Ocwen Loan Servicing, LLC*, No. 9:12-cv-03111-PMD, 2013 WL 499159, at *6 (D.S.C. Feb. 7, 2013) ("Plaintiffs' request for punitive damages alone does not show that the jurisdictional minimum has been met."). At the

---

[3] This interpretation is buttressed by the firmly established principal that a defendant bears the burden of proving that removal jurisdiction is proper. *See*, *e.g.*, *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017). The fact that a removing defendant has an established burden of proof suggests that the statute contemplates removal in situations where the amount in controversy may not be readily apparent from the face of the complaint. The Supreme Court has held that a "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This "plausible allegation" standard would be nonsensical if the only removable cases were those where the complaint specifically states that the amount in controversy exceeds the jurisdictional amount.

6

same time, courts in this district have held that "[a] 'claim for punitive damages alone makes it virtually impossible to say that the claim is for less than the jurisdictional amount.'" *E.g.*, *Lighthouse*, 2017 WL 3634593, at *2 (quoting *Woodward v. Newcourt Com.. Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999)); *Woodward*, 60 F. Supp. 2d at 532 ("[T]he plaintiff's bar rarely seeks less than ten times damages for punitive damages. It is also not uncommon for juries to award punitive damages of more than ten times damages . . . .").[4]

Ultimately, whether punitive damages satisfy the amount-in-controversy requirement depends on the facts of the case. *See Davenport*, 2024 WL 4453651, at *3. *Compare SNB Props. v. CMH Homes, Inc.*, 1:22-cv-02158-SAL, 2022 WL 17976781, at *1, 4 (D.S.C. Dec. 28, 2022) (finding no jurisdiction where the plaintiff sought actual damages and punitive damages without specific allegations of extensive harm) *with Hermanson*, 2021 WL 4147113, at *3 (finding the threshold met where the plaintiff alleged significant injuries and sought multiple forms of damages).

Here, when viewing Plaintiff's Complaint and its prayer for relief, "there is a reasonable probability that []he could recover in excess of $75,000.00." *Mattison*, 2011 WL 494395, at *3; *see Hermanson*, 2021 WL 4147113, at *3.

### III. There Is a Reasonable Probability that Plaintiff Could Recover in Excess of $75,000.00 Based on the Allegations in the Complaint.

Plaintiff seeks compensation for "disfigurement, severe pain, suffering, emotional distress, loss of enjoyment of life, [] mental anguish, . . . medical bills, lost wages, and other costs associated with his injuries." [ECF No. 1-1 ¶ 26.] He also seeks punitive damages. *Id.* ¶ 27. Yet Defendants

---

[4] The court notes that, as of 2012, S.C. Code Ann. § 15-32-510 provides: "The plaintiff shall not specifically plead an amount of punitive damages, only that punitive damages are sought in the action." Thus, Plaintiff could not have specified the amount of punitive damages sought even if he so desired.

argue they "had no indication of the amount in controversy before receiving the[] [discovery] documents on October 14, 2024." [ECF No. 1 ¶ 9.]

"[D]efendants have no independent duty to investigate whether a case is removable." *Cook*, 2020 WL 869741, at *3 (quoting *Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014)). That said, "a defendant must still apply a reasonable amount of intelligence to its reading of the plaintiff's complaint." *Id.* (quoting *Atkins v. AT&T Mobility Servs., LLC*, No. 2:18-cv-00599, 2019 WL 5190971, at *5 (S.D.W. Va. Oct. 15, 2019)). "*Lovern* does not stand for the proposition that a defendant can ignore facts that are readily known to it." *Id.* at *4 (quoting *Dugdale v. Nationwide Mut. Fire Ins. Co.*, 4:05CV138, 2006 WL 335628, at *6 (E.D. Va. Feb. 14, 2006)). And, as stated above, a plaintiff has no affirmative duty to state whether the amount in controversy exceeds $75,000.00. Indeed, a plaintiff is the master of his complaint—but a defendant is the master of his notice of removal.[5] *Scott*, 865 F.3d at 197.

All that Defendants needed to show to remove this case was a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89. Here, Defendants had all the information they needed upon service of the Complaint. Rather than promptly removing the case, they first moved to dismiss for lack of

---

[5] The court is aware of *Lovern's* warning that "[i]f a defendant were required to file a notice of removal within 30 days . . . even where [the initial] pleading did not reveal a ground for removal, he would often be faced with an intractable dilemma of either risking Rule 11 sanctions for noticing removal without making an adequate inquiry or forgoing removal altogether." 121 F.3d at 163. Here, Defendants did not face this "Hobson's choice." *See id.* (citing *McKinney v. Bd. of Trs. Of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992)). First, the initial pleading *did* reveal a ground for a removal. Second, a party is not subject to Rule 11 sanctions for arguments made in good faith, regardless of whether such arguments are ultimately successful. *E.g. Myers v. Sessoms & Rogers, P.A.*, 781 F. Supp. 2d 264, 268 (E.D.N.C. 2011) ("[A] legal position must be more than unsuccessful to warrant sanctions. . . . Only when a reasonable attorney in like circumstances could not have believed her actions to be legally justified are sanctions warranted.") (quotations and citations omitted).

personal jurisdiction—waiting months before eventually removing. This type of delay is precisely what *Lovern* discourages. 121 F.3d at 163. ("[T]he extension of the removal period in the case where the initial pleading does not state the factual or legal bases for removal should not be allowed to cover strategic delay interposed by a defendant in an effort to determine the state court's receptivity to his litigation position.").

Given Plaintiff's allegations—including severe, permanent injuries, a demand for punitive damages, claims of disfigurement, and associated costs such as medical bills, lost wages, and other expenses—it was apparent from the face of the Complaint that the amount in controversy exceeds the jurisdictional threshold. Thus, Defendants had 30 days from service to remove. Their October 24 removal was untimely under § 1446(b)(1), and strict construction of removal statutes requires remand. *Mulcahey*, 29 F.3d at 151.

## CONCLUSION

For the reasons above, Plaintiff's Motion to Remand [ECF No. 18] is **GRANTED**, and the above-captioned matter is **REMANDED** to the Court of Common Pleas for Lancaster County, South Carolina. Any motions remaining before the court are **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

March 26, 2025　　　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　　United States District Judge

9